USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANITA DEODAT

_____

Write the full name of each plaintiff.

17 CV 7288 _____

(Include case number if one has been
assigned)

-against-

MERCER (US) INC.

_____

MARSH & MCLENNAN COMPANIES

_____

Do you want a jury trial?

☐ Yes   ☒ No

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

## SECOND AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| ANITA | | DEODAT |
|---|---|---|
| First Name | Middle Initial | Last Name |

229 PARKVILLE AVENUE, APT 1-H
_____
Street Address

| BROOKLYN | NY | 11230 |
|---|---|---|
| County, City | State | Zip Code |

| (347) 938-8974 | ANITAMD364@GMAIL.COM |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   MERCER (US) INC.
_____
Name
1166 AVENUE OF THE AMERICAS
_____
Address where defendant may be served

| NEW YORK | NY | 10036 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:   MARSH & MCLENNAN COMPANIES
_____
Name
1166 AVENUE OF THE AMERICAS
_____
Address where defendant may be served

| NEW YORK | NY | 10036 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City                State                Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**MERCER (US) INC. AND PARENT CO., MARSH & MCLENNAN COMPANIES**

Name

**1166 AVENUE OF THE AMERICAS**

Address

**NEW YORK**                **NY**                **10036**

County, City                State                Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☐   national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: DIABETES AND PROGRESSIVE DIABETIC NEUROPATHY

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):
AS APPLICABLE UNDER EXISTING FEDERAL, STATE AND CITY LAW.

## IV.  STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☒ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☒ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☒ other (specify): REQUEST FOR DISABILITY CONSIDERATION UNDER RIF WAS MADE TO SUPERVISOR, HR REPRESENTATIVE (11/17/16) AND HEAD OF LEGAL COUNSEL, MMC ON 11/30/16, WHILE STILL AN EMPLOYEE.

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

I am diabetic with progressive diabetic neuropathy. This is a condition that I've had for longer than 12 months. Medications used to treat my condition are Metformin, Glipizide and Gabapentin. Diabetic complications from long-term, untreated diabetes was noted on January 7, 2016 at North Shore LIJ Emergency Room. Treatment for diabetes began on January 8, 2016, at which time, my employer was advised and kept abreast of changes in my condition. I believe that I was improperly identified for the reduction in force termination because of my disability.

At November 14, 2016 RIF termination meeting that took effect on November 30, 2016, I was advised of being in good standing with the company and could return to an open position (employer recorded meeting). My November 17, 2016 request for disability consideration under RIF to be moved to an open position was denied. I believe that I was improperly denied the opportunity to transfer before the reduction in force took effect because of my disability.

Despite my weekly applications to open positions, November 16, 2016 thru mid-June 2017 with MMC's group of companies (Mercer, Marsh, Guy Carpenter and Oliver Wyman), my former employer has failed to rehire or reinstate me to an open position of similar or same function. Open positions that I applied to weekly consisted of job functions and titled that I held and/or was trained to do and performed effectively onsite with total accountability on timesheet entries. I believe that my former employer improperly failed to reinstate or rehire me because of my disability.

I feel that I was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended; New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; New York City Human Rights Law, NY City Admin. Code §§ 8-101 to 131, and other existing federal, state and city laws, as applicable under ~~employment disability discrimination, when I was terminated because of my disability, as well as improperly denied the opportunity to transfer before the RIF took~~ effect, and failure to rehire and/or reinstate. (SEE ATTACHED, 5-PAGE FACT SHEET)

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## B. Facts (for Page 5 of Complaint)

I am diabetic with progressive diabetic neuropathy. This is a condition that I've had for longer than 12 months. Medications used to treat my condition are Metformin, Glipizide and Gabapentin. Diabetic complications from long-term, untreated diabetes was noted on January 7, 2016 at North Shore LIJ Emergency Room. Treatment for diabetes began on January 8, 2016, at which time, my employer was advised and kept abreast of changes in my condition. *I believe that I was improperly identified for the reduction in force termination because of my disability.*

At November 14, 2016 RIF termination meeting that took effect on November 30, 2016, *I was advised of being in good standing with the company and could return to an open position (employer recorded meeting).* My November 17, 2016 request for disability consideration under RIF to be moved to an open position was denied. *I believe that I was improperly denied the opportunity to transfer before the reduction in force took effect because of my disability.*

Despite my weekly applications to open positions, November 16, 2016 thru mid-June 2017 with MMC's group of companies (Mercer, Marsh, Guy Carpenter and Oliver Wyman), my former employer has failed to rehire or reinstate me to an open position of similar or same function. Open positions that I applied to weekly consisted of job functions and titled that I held and/or was trained to do and performed effectively onsite with total accountability on timesheet entries. *I believe that my former employer improperly failed to reinstate or rehire me because of my disability.*

*I feel that I was discriminated against* in violation of the Americans with Disabilities Act of 1990, as amended; New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; New York City Human Rights Law, NY City Admin. Code §§ 8-101 to 131, and other existing federal, state and city laws, as applicable under employment disability discrimination, *when I was terminated because of my disability, as well as improperly denied the opportunity to transfer before the RIF took effect, and failure to rehire and/or reinstate.*

## B. Fact List (for Page 5 of Complaint)

1. On January 7, 2016, I presented with symptoms of diabetic complications, consistent with long-term untreated diabetes, as reflected by diagnosis at North Shore LIJ emergency room. CityMD Urgent Care records, where I was examined first before being sent directly to the ER for further evaluation, correlate with ER records.

2. On January 8, 2016, treatment for Diabetes began at the North Shore LIJ out-patient clinic.

3. In January 2016, following diagnosis, I informed Ms. Cheryl Carlson ("Supervisor") of my diagnosis and treatment.

4. After informing my Supervisor of my diagnosis, I received a questionable performance "rating" (verbalized number) associated with pay increase denial for 2015. This did not correlate with my performance.

5. I immediately requested from my Supervisor to issue a six-month performance review with 30-day incremental reviews to ensure that I was meeting her expectations. My request was never fulfilled. I was continually told by my Supervisor that my performance was fine with nothing to improve upon. Solid time reporting accountability to timesheets.

6. In about March - April of 2016 I began to experience more severe symptoms hindering my ability to stand and walk—specifically, pain from my knees to my lower extremities (consistent with January 7, 2016 records with ER and CityMD). While these symptoms did not affect my performance at work, it was noticeable to my co-workers, as it was painful limping, getting around and to the copiers at the end of the hall. Weeks of this would not have been missed by MMC's security cameras, either.

7. Subsequently, my dosage of Metformin was doubled.

8.  In or around late-August to early-September 2016, I received a written commendation from my Supervisor for work dedication and excellence of performance.  In addition, I received an electronic gift card of $100 to accompany the commendation.

9.  On November 14, 2016, Mercer (US) Inc. held a *Fall 2016 Talent Reduction in Force* ("RIF") termination meeting.  Stephanie O'Donnell (Human Resources), Cheryl Carlson (Supervisor) and myself were in attendance.  *The meeting was recorded by Employer.*

10. During the meeting, I was informed that my position was eliminated but *I was in good standing with the company and could return to an open position within the Marsh & McLennan family of companies ("MMC").*  Stephanie O'Donnell (HR) advised that she would be assisting me with placement to a new position internally.  At the time, I was not told when my last day would be.

11. MMC is the parent company of Mercer.

12. November 14, 2016 at 2:52 pm – Communication from Human Resources Director, Stephanie O'Donnell, consistent with job placement promise at termination meeting -- *"Just let me know if you apply to any of the roles and I will do my best to push your resume forward in the process with the recruiter."*  RIF termination meeting was around 12:00 noon on the 14th.

13. November 15, 2016, Januvia was added my medication.

14. On November 16, 2016, I became aware that MMC recognized diabetes as a legal disability through Federal Form CC-305, OBM Control Number 1240-0005, *Voluntary Self-Identification of Disability* posted at the end MMC's online job applications.  I immediately contacted my Supervisor and reminded her that I was diabetic and inquired as to MMC's policy on disability consideration under RIF.  Ms. Carlson indicated that while she knew that I was diabetic, she did not know that diabetes was a disability.  I was directed by my Supervisor to contact Human Resources Director, Stephanie O'Donnell.

15. On November 17, 2016, consistent with the promise to assist in placement to open positions within MMC, Ms. O'Donnell confirmed her assistance with my applications in a **9:55 am** communication – *"Just forwarded to the head of talent acquisition to urge her to encourage her TAs to reach out to you asap about job opportunities of which you have applied."*

16. On November 17, 2016 in a **10:30 am** communication, I emailed Ms. O'Donnell with a request for disability consideration under RIF as a diabetic, per Supervisor's instructions.

17. **End of day**, November 17, 2016, after requesting disability consideration, I was informed that it was to be my last day and I was to hand in my equipment.

18. On November 21, 2016 in a 1:40 pm communication to HR Director, Stephanie O'Donnell and Supervisor, Cheryl Carlson, I submitted a letter from my medical provider (Northshore LIJ) *evidencing my January 2016 diagnosis and ongoing treatment*.

19. November 21, 2016, a 1:51 pm follow-up communication with HR Director, Stephanie O'Donnell on request for disability consideration.

20. November 21, 2016, a 5:00 pm communication from HR Director, Stephanie O'Donnell requesting a telephone call with me the following day.

21. On November 22, 2016, 2:13 pm, 2:35 pm and 2:41 pm email communications with HR Director, Stephanie O'Donnell immediately following telephone conversation to confirm content of call, where I was told that *the company (MMC) would not honor my request for disability consideration* but that I could continue applying for open positions within MMC.

22. On November 30, 2016, I received my termination packet in the mail. The termination packed included a waiver pursuant to the RIF termination. I did not sign the waiver. The letter requested that, should I not be signing the waiver, I was to contact Mr. John W. Hamlin (MMC's Head Legal Employment Counsel). I did so and asked about MMC's and Mercer's policy on disability consideration pursuant to RIF. He never responded.

23. Instead, the next day, December 1st, I received a phone call from Ms. Suzanne Burkhardt, Head of Employee Relations on Mr. Hamlin's behalf. She confirmed that MMC would assist me in returning in an open position.

24. On December 15, 2016, I followed-up with Mr. Hamlin to officially indicate that I would not be signing the waiver and release agreement. I conveyed the December 1st call from Ms. Burkhardt, Head of Employee Relations and her promise that I would be assisted in returning to an open position. I also asked about *Mercer's rehire provision policy* but received no response.

25. Between the date of my termination (November 30, 2016) and August 2017, I did not have medical insurance in place because I anticipated returning to work. I received only half of my required medication and could not attend doctor's visits due to the cost without insurance.

26. In August 2017, I returned to the doctor to refill the medication I was receiving. However, due to the lack of adequate medication (Metformin and Januvia), by August 2017, my condition had worsened considerably, and treatment began for *progressive Diabetic Neuropathy*.

27. To date, I have not been offered a position within the MMC family despite applying for at least three positions per week, every week, beginning on November 16, 2016 and continuing for approximately seven (7) months.

*Anita Deodat*
10/31/17

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Anita Deodat**<br>**229 Parkville Avenue**<br>**1-H**<br>**Brooklyn, NY 11230** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2017-03145** | **Philip Reo,**<br>**Investigator** | **(212) 336-3772** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry*    10/3/17

Enclosures(s)

**Kevin J. Berry,**
**District Director**

*(Date Mailed)*

cc: **Stephanie O'Donnell**
**Director of Human Resources**
**MERCER**
**1166 Avenue of the Americas**
**New York, NY 10039**

Enclosure with EEOC
Form '161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

NEW YORK
NY 110
04 OCT '17
PM 4 L



02 1P
000080600097
MAILED FROM ZIP CODE 10004
UNITED STATES POSTAGE
$ 000.460
OCT 04 2017

11230-137918

Anita Deodat
229 Parkville Ave.
Apt#1-H
Brooklyn, NY 11230



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620

Philip Reo
Investigator
Phone (212) 336-3772
Fax (212) 336-3790

Anita Deodat
229 Parkville Ave.
Apt#1H
Brooklyn, NY 11230

Re:   EEOC Charge No. **520-2017-03145**
      **Anita Deodat v. MERCER**

Dear Ms. Deodat:

This is to inform you that the charge cited above has been withdrawn as a result of your request for withdrawal, dated September 25, 2017, pursuant to the Commission's regulations under the ADA.

The Commission's acceptance of this withdrawal terminates the investigation of this charge. This withdrawal does not affect the investigation of any other charge.

On behalf of the Commission:

_____          __9/28/17__
Kevin Berry                                Date
District Director

cc:  MERCER

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? <u>I DO NOT HAVE A COMPLAINT ON FILE. I MET WITH THE EEOC ON 7/31/17.</u>

☒ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? <u>10/03/17; 9/25/17 EEOC LTR CONFIRMS WITHDRAWL OF COMPLAINT</u>

When did you receive the Notice? <u>SOMETIME THEREAFTER</u>

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☒ direct the defendant to hire me

☒ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☒ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

<u>REINSTATEMENT TO OPEN POSITION OF SIMILAR AND/OR SAME RESPONSIBILITIES, COMPENSATION AND BENEFITS. RETROACTIVE PAY TO DATE OF TERMINATION, NOVEMBER 30, 2016. CONSIDERATION FOR LEGAL FEES FOR CONSULTATION AND/OR REPRESENTATION.</u>

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 10/31/17 | *Anita Deodat* |
| Dated | Plaintiff's Signature |
| ANITA | DEODAT |
| First Name          Middle Initial | Last Name |

229 PARKVILLE AVENUE, APT 1-H

Street Address

| | | |
|---|---|---|
| BROOKLYN | NY | 11230 |
| County, City | State | Zip Code |
| (347) 938-8974 | ANITAMD364@GMAIL.COM | |
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your
> complaint. If you do not consent, please do not attach the form.