UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
:  
ANITA DEODAT, :
:
         Plaintiff, :   17-CV-7288 (JMF)
:
        -v- :   ORDER ADOPTING
:   REPORT AND
MERCER (US), INC., and MARSH & MCLENNAN :   RECOMMENDATION
COMPANIES, :
:
        Defendants. :
:
------------------------------------------------------------------------ X

JESSE M. FURMAN, District Judge:

  Plaintiff's motion for an "expedited order of injunctive relief and other equitable relief" (Docket No. 77) was referred to Magistrate Judge Wang for a Report and Recommendation. In a Report and Recommendation filed on October 4, 2018, Magistrate Judge Wang recommended that the motion be denied without prejudice. (Docket No. 100).

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. (*See* Docket No. 100). In addition, it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. The Report and Recommendation correctly points out that the arguments and evidence Plaintiff submits in her motion for injunctive relief are more properly submitted in relation to any motion for summary judgment filed in this case, the scheduled for which this Court has already set. (*See* Docket Nos. 105, 106). To the extent that Plaintiff seeks to amend the complaint to seek equitable relief (which is mentioned only in the title of the motion), the present motion is not the proper way to amend the complaint, particularly given that it would be the third amendment to the complaint. Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff's motion is DENIED.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket No. 77. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 19, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge