UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ANITA DEODAT,                                                          :
                                                                       :
                              Plaintiff,                               :
                                                                       :          17-CV-7288 (JMF)
                -v-                                                    :
                                                                       :          MEMORANDUM OPINION
MERCER (US) INC. and MARSH & MCLENNAN                                  :          AND ORDER
COMPANIES,                                                             :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Anita Deodat, proceeding *pro se*, sues Mercer (US) Inc. and its parent company, Marsh & McLennan Companies (collectively, "Defendants"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Specifically, Plaintiff claims that, on account of her disability, Defendants terminated her employment during a November 2016 reduction-in-force ("RIF"), denied her the opportunity to transfer to another open position before the RIF took effect, and failed to rehire her after her termination. Docket No. 25, at 6.

      Defendants now move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on all of Plaintiff's claims. *See* Docket No. 125. Pursuant to Local Rule 56.2, on November 30, 2018, Defendants filed a notice on the docket that explained to Plaintiff what types of evidence she could submit in opposition to the motion for summary judgment and the consequences of failing to oppose the motion. Docket No. 127. On December 3, 2018, the Court reminded Plaintiff that her deadline to file an opposition to Defendants' motion was

January 2, 2019.  Docket No. 129.  On January 16, 2019, after Plaintiff belatedly requested more time to oppose the motion, the Court granted her an additional four weeks.  *See* Docket No. 132.  Finally, on February 25, 2019, the Court ordered Plaintiff to show cause by March 14, 2019, "why Defendants' motion should not be deemed unopposed."  Docket No. 136.  To date, Plaintiff has not filed a memorandum in opposition or any affidavits, declarations, or other evidence in opposition to Defendants' motion.

Although a *pro se* litigant must be afforded "special solicitude," and must generally be "advise[d] . . . of the nature of . . . a motion [for summary judgment] and the consequences of failing to respond to it properly," *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010), "application of this different standard does not relieve plaintiff of [her] duty to meet the requirements necessary to defeat a motion for summary judgment," *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted).  As relevant here, when a defendant has made a proper showing that a plaintiff in an employment discrimination case lacks any evidence that would "permit an inference of discrimination on an impermissible basis" — an "essential element" of a discrimination claim — the plaintiff "must come forward with evidence that would be sufficient to support a jury verdict in [her] favor."  *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  Although that evidentiary burden is "*de minimis*," a plaintiff does not meet it with only "conjecture or surmise," "conclusory statements," or the allegations in the complaint alone.  *Id.* (internal quotation marks omitted).

Applying those standards here, Defendants' motion must be and is GRANTED.  Having carefully reviewed the record, the Court finds that Plaintiff has provided no evidence that any of the challenged actions were taken "*because of* her disability" — that is, "under circumstances giving rise to an inference of discrimination."  *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235

(2d Cir. 2015) (per curiam) (emphasis added and internal quotation marks omitted). This total failure of proof requires the entry of judgment on all of Plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *Goenaga*, 51 F.3d at 19 (affirming a grant of summary judgment against a plaintiff who "failed to satisfy his *de minimis* burden to show circumstances from which an inference of . . . discrimination could be drawn").

The only evidence in the record demonstrates that Plaintiff's position was included in the RIF because her work responsibilities could be divided among other existing positions and work teams, *see* Docket No. 126, at ¶¶ 87, 92-109; that she was not re-hired for any of the positions she applied for because of her lack of qualifications, low performance ratings, and negative feedback from her past tenure with Mercer, *see id.* ¶¶ 136-55; and that she was not improperly denied a "transfer" to another role during the RIF process because no such transfer policy existed — employees terminated in the RIF were free to apply to other jobs, but Defendants had no policy of internally placing such employees, *see id.* ¶¶ 116, 118-19, 124-35. At bottom, there is no evidence that any of Defendants' actions were based on Plaintiff's disability, and summary judgment is thus warranted. *See, e.g.*, *McDonnell v. Schindler Elevator Corp.*, 618 F. App'x 697, 699-700 (2d Cir. 2015) (summary order) (affirming summary judgment as to ADA, NYSHRL, and NYCHRL claims where "the record [was] devoid of evidence suggesting that [Plaintiff's] termination was at all motivated by disability discrimination").[1]

---

[1] Because Plaintiff fails to establish a prima facie case of disability discrimination, there is no need to address the *McDonnell Douglas* burden-shifting framework. Nevertheless, even if Plaintiff could establish a prima facie case, Defendants have proffered a legitimate,

3

For those reasons, Defendants' unopposed motion for summary judgment is GRANTED, and the Complaint is dismissed in its entirety. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and, thus, *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Opinion and Order to Plaintiff and to close the case. Additionally, out of an abundance of caution, Defendants are also ORDERED to serve a copy of this Memorandum Opinion and Order on Plaintiff by e-mail and to file proof of such service by June 20, 2019.

SO ORDERED.

Dated: June 14, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

nondiscriminatory reason for her termination — namely, the RIF, *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 168 (2d Cir. 2014) ("[A] RIF constitutes a legitimate, nondiscriminatory reason for termination of employment.") — and Plaintiff offers no evidence from which a reasonable factfinder could conclude it is more likely than not that her inclusion in the RIF was a pretext and that the real reason for her termination was her disability, *see, e.g.*, *id.* at 170.